## THE PEOPLE v. JOHN CRAWFORD.

*Objections to evidence—Charge.*

Respondent in a criminal prosecution cannot complain of the admission for the prosecution of facts which the defence proved at a later stage of the case.

The defence in a criminal case cannot insist that the judge shall charge the jury argumentatively or comment on the evidence or point out the weak points in the case for the prosecution so far as they involve questions of fact and not of law. It can only demand that the instructions on the legal points shall be correct, and that the evidence shall not be commented upon or presented in an incorrect or unfair way.

Error to Macomb. Submitted April 25. Decided June 14.

INFORMATION for larceny. Conviction affirmed.

*Edgar Weeks* for respondent appellant.

Attorney General *Jacob J. Van Riper* for the People.

COOLEY, J. The defendant was convicted, jointly with one Albert, of the larceny of money from the dwelling-

house of one Russell, in Mt. Clemens. The evidence was
not very positive or very direct. On the trial a twenty dol-
lar gold piece taken from Crawford at the time of the arrest
was produced and an attempt made to identify it as part of
the money stolen, but this failed. One witness for the
people testified, under objection, that he had known Craw-
ford in Detroit, where he went by the name of Considine,
which witness believed was his true name. Error is assigned
on the admission of this evidence, but the defence proved
the same fact at a subsequent stage of the case, and cannot
be heard to complain of it now. No other ruling on the
admission of evidence appears to us questionable.

In submitting the case to the jury the circuit judge was
requested to instruct them as follows:

"1st. The identity of the accused, as the persons who com-
mitted the larceny charged in the information, must be
clearly established, by evidence that leaves no doubt in the
minds of the jurymen, and every circumstance which tends
to throw doubt upon the identity must be given in favor of
the accused.

2d. The identity of the $20 gold piece, found in Craw-
ford's possession, as the one stolen from Russell, must be
clearly established, if evidence of its possession is used to
convict him. If there is any failure on the part of the
prosecution to establish this fact, or any doubt left in the
minds of the jury, the prisoner, Crawford, must be acquitted.

3d. Before it can be claimed that the accused was in pos-
session of the $20 gold piece soon after the alleged larceny,
it must be made to appear that this was the gold piece
stolen from Russell; and without such fact being first
established, the possession of the piece by the accused can-
not be heard against him.

4th. If the jury are unable to say that the money found
in the posession of the prisoner, Crawford, * * * was
money taken from Russell's house, the prisoner cannot be
convicted.

5th. Unless the jury find that the money shown in court
was the money of the complaining witness, Russell, the
prisoners are not bound to account for its possession; but if
the jury are satisfied with the account which the prisoners
have given of their possession of this money, they cannot
be convicted.

6th. The jury must be as fully convinced of the guilt of the prisoners from the circumstances proven in the case, as if direct proof of the larceny had been brought against them. They are to consider whether the connection between the crime and the circumstances shown is necessary or only casual; whether the circumstances necessarily involve the guilt of the prisoners, or only probably so; or whether those circumstances might not all exist and yet the prisoners be innocent.

7th. Some inchoate act, approaching the crime, should be proved against the prisoners, and they should not be convicted on general appearances, such as being found in certain situations; suspicious appearances, without any act proved against the prisoners, may turn out to be unfounded."

All these requests were refused, and the circuit judge instructed the jury as follows:

" *Gentlemen of the Jury:* The statute under which these defendants are charged provides 'that every person who shall steal in the day-time, in the dwelling-house, shall be punished by imprisonment in the State's prison not more than five years, or by fine not exceeding $500, or imprisonment in the county jail not more than one year.' Under this section the amount stolen is not mentioned. The particular charge here is that on the 31st day of August last these two defendants stole, in the dwelling-house of Mr. Russell, and in the day-time, a certain amount of money. That somebody stole some money in the dwelling-house of Mr. Russell, in the day-time of August 31st, is undisputed. And this leaves for you to determine this one single question: Did those two defendants steal the money? For one or both or neither may be convicted. If one simply took the money, while the other was simply watching to inform him of approaching danger, or to keep off intruders, or was engaged in any other way in helping to carry out the one common purpose, then both are just as guilty as though both actually laid their hands on the money jointly, and carried it away. The fact that money was found upon the person of those two defendants is not even suspicious, and ought not to be used against them, so long as the money is not identified as the money lost by Mr. Russell, and still one or both of them may be guilty, even though the money found on them is not identified as the money stolen from Mr. Russell. Both these defendants are presumed to be innocent, and the People must satisfy you, beyond a reasonable doubt, of their guilt, else you cannot convict. If you are uncertain, or in-

doubt about the matter, you cannot convict; for a man should not be guessed into State's prison. In civil cases a jury determines according to the preponderance of proof, but that is not the rule in criminal cases. In criminal cases the jury must be satisfied beyond a reasonable doubt, else you cannot convict. Your judgment must be satisfied and convinced of their guilt, else they should be acquitted. You may have got an idea that one or both of them are bad men, but this idea alone will not justify conviction. You must be convinced of their guilt of this particular crime charged, and for which they are now tried, before you can convict. But if you are fully convinced that one or both of these defendants are guilty, your verdict will be that one or both are guilty. The matter is of great importance to those two young men, as well as to the people, and you will give it your best judgment and consideration, and may your verdict be such as the truth requires."

The only questions upon these refusals and upon the charge is, whether the judge refused any request to which the defence was fairly entitled, and which is not in substance covered by the charge as given. We think not. The defence is not entitled of right to put an argument into the instructions; that must be left to counsel. Neither is he entitled of right to have from the judge any comment upon the evidence, or any pointing out of the weak points in the case of the State, so far as they involve questions of fact and not of law. All that can be demanded is, correct instructions on the legal points and no incorrect or unfair comments upon or presentation of the evidence.

The charge in this case was fair and all to which the defence were of right entitled.

The conviction must be affirmed.

CAMPBELL and MARSTON, JJ. concurred.