PEOPLE v DAVIS

Docket No. 75990. Submitted November 21, 1984, at Lansing.—Decided December 18, 1984.

Christopher L. Davis was convicted by a jury in Oakland Circuit Court of two counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct and was sentenced, Steven N. Andrews, J. Defendant appealed, contending that the trial court erred in admitting evidence of the victim's out-of-court conduct to corroborate the truth about her accusation of the defendant. *Held:*

Defendant's contention that the victim's conduct, crying when confronted by her mother, was a statement within the scope of the hearsay exclusions is rejected. The nonverbal conduct of the victim could not by any stretch of the imagination be treated as a verbal assertion by the victim. A nonassertive act or conduct is not hearsay and therefore not subject to the hearsay exception. The trial court correctly admitted the evidence of the victim's out-of-court conduct.

Affirmed.

EVIDENCE — NONASSERTIVE CONDUCT — HEARSAY.

Nonassertive acts or conduct, *i.e.,* acts or conduct which are not intended to be a means of expression, are not hearsay and therefore not subject to the hearsay exceptions (MRE 801[a][2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*William G. Wolfram,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 493 *et seq.*

Before: J. H. GILLIS, P.J., and CYNAR and C. L. BOSMAN,* JJ.

PER CURIAM. Defendant was charged with two counts of first-degree criminal sexual conduct, MCL 750.520(b)(1); MSA 28.788(2)(1), and two counts of second-degree CSC, MCL 750.520(c)(1); MSA 28.788(3)(1). Defendant was found guilty of all four charges after a jury trial. Defendant was sentenced to 7 to 20 years on each first-degree CSC count and 7 to 15 years for each second-degree CSC count. The sentences are concurrent. Defendant received credit for 84 days served in jail. Defendant appeals to this Court as of right.

Defendant claims on appeal that the trial court erred by admitting evidence of the victim's out-of-court conduct to corroborate the truth about her accusation of the defendant. The victim's mother, Vacheal Fields, testified that when she asked her daughter about defendant's actions the child "burst out into tears". Defendant contends that the victim's conduct, crying when confronted by her mother, was a statement within the scope of the hearsay exclusions. This was the only basis for the objection at trial.

The question is whether the conduct, the victim's crying, can be considered a statement. MRE 801(a) defines a statement for hearsay purposes as: (1) an oral or written assertion or, (2) nonverbal conduct of a person, if it is intended by him as an assertion. Crying can hardly be considered an oral or written assertion, therefore only MRE 801(a)(2) could possibly apply in this situation.

The Note to MRE 801(a) indicates that the rule is identical to FRE 801(a). The Advisory Committee's Note to FRE 801(a) states:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"When evidence of conduct is offered on the theory that it is not a statement, and hence not hearsay, a preliminary determination will be required to determine whether an assertion is intended. The rule is so worded as to place the burden upon the party claiming that the intention existed; ambiguous and doubtful cases will be resolved against him and in favor of admissibility."

The record before us is void of any indication that the victim intended to make an assertion by her spontaneous act of crying. This is an instance of behavior so patently involuntary that it cannot by any stretch of the imagination be treated as a verbal assertion by the victim within the scope of MRE 801(a)(2). *Cole v United States,* 327 F2d 360 (CA 9, 1964); *Bagwell & Stewart, Inc v Bennett,* 214 Ga 780; 107 SE2d 824 (1959); McCormick, Evidence (2d ed), § 250, p 596.

We also note that MRE 801(a) is consistent with prior Michigan law. Before the rules came into effect the Michigan Supreme Court stated in *People v Stewart,* 397 Mich 1, 9-10; 242 NW2d 760, 763 (1976):

"Acts or conduct not intended as assertive are not hearsay and, therefore, they are admissible. It should be noted that nonassertive acts or conduct are not an exception to the hearsay rule—rather, they are not hearsay in the first place."

The conduct at issue was not considered assertive conduct before the adoption of MRE 801(a)(2) and it is not assertive conduct under the rule. Nonassertive conduct is not hearsay.

No other objection was made at trial or on appeal. The ruling of the trial court was proper. Defendant's conviction is affirmed.