## PEOPLE v WATTS

Docket No. 76918. Submitted August 12, 1985, at Lansing.—Decided
September 17, 1985. Leave to appeal denied, 424 Mich —.

Royal D. Watts was convicted of first-degree and second-degree
criminal sexual conduct, Bay Circuit Court, William J. Ca-
prathe, J. Defendant appealed, alleging error in the admission
of evidence. *Held:*

1. Defendant's failure to object at trial to the admission of
certain testimony of witnesses precludes appellate review ab-
sent manifest injustice. The testimony complained of was not
hearsay, as alleged by defendant, and no manifest injustice
appears.

2. Certain testimony of the victim's mother regarding her
delay in reporting the offenses was properly admitted over
defendant's objection.

Affirmed.

1. EVIDENCE — APPEAL — FAILURE TO OBJECT.

Failure to object at trial to the admission of evidence precludes
appellate review absent manifest injustice (MRE 103[a][1]).

2. EVIDENCE — HEARSAY — STATEMENTS — BURDEN OF PROOF.

A "statement", for purposes of the hearsay rule, is: (1) an oral or
written assertion, or (2) nonverbal conduct of a person, if it is
intended by him as an assertion; in the case of nonverbal
conduct a preliminary determination must be made as to
whether an assertion was intended, with the burden of showing
the existence of an intention on the party claiming such an
intention (MRE 801[a]).

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Evidence §§ 597 *et seq.*
   See the annotations in the ALR3d/4th Quick Index under Objec-
   tions.
[2] Am Jur 2d, Evidence §§ 493 *et seq.*
   See the annotations in the ALR3d/4th Quick Index under Hearsay.
[3] Am Jur 2d, Trial §§ 162 *et seq.*
   See the annotations in the ALR3d/4th Quick Index under Objec-
   tions.

3. EVIDENCE — APPEAL — GROUNDS FOR OBJECTION.
    Failure to state the precise ground or grounds for objection to the
        admission of evidence precludes appellate review of the admis-
        sion of the evidence absent manifest injustice (MRE 103[a][1]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *George B. Mullison,*
Prosecuting Attorney, and *Martha G. Mettee,* As-
sistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Derrick A. Carter),*
for defendant on appeal.

Before: DANHOF, C.J., and V. J. BRENNAN and
J. H. GILLIS, JR.,* JJ.

PER CURIAM. Defendant appeals as of right from
his jury convictions for first-degree criminal sexual
conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a),
and second-degree criminal sexual conduct, MCL
750.520c(1)(a); MSA 28.788(3)(1)(a). He was sen-
tenced to prison for from 12-1/2 to 25 years for
first-degree criminal sexual conduct and from 7-1/
2 to 15 years for second-degree criminal sexual
conduct.

Defendant's convictions stem from two incidents
with his 8-year-old step-granddaughter in Decem-
ber, 1982. Approximately three months later, after
watching a television program in which a sexual
assault was made upon one of the characters, the
victim informed her mother of these events. Ap-
proximately one week later, the victim's parents
notified the police.

On appeal defendant claims evidentiary error in
six instances. In five instances, defendant did not
object below. Failure to object precludes appellate
review absent manifest injustice. MRE 103(a)(1);
*People v Owens,* 108 Mich App 600, 604; 310

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 819 (1981). Although no manifest injustice is presented, a substantive review of each of the claims indicates that they are without merit.

The first claim of error concerns the testimony of the victim's mother that she took the victim to a psychologist. Defendant contends that this evidence is hearsay because it constitutes nonverbal conduct which the mother intended as an assertion that she acted with a belief in the existence of the alleged crimes. The prosecution counters that the evidence is not a statement offered to prove the mother's belief, but that it is offered merely to explain the delay of one week between the time that the victim revealed these events and the time that police were notified. MRE 801(a) defines a statement for hearsay purposes as: (1) an oral or written assertion; or (2) nonverbal conduct of a person, if it is intended by him as an assertion. The Note to MRE 801(a) states that the rule is identical to FRE 801(a). The Advisory Committee's Note to FRE 801(a) provides that a preliminary determination is required to determine whether an assertion is intended when evidence of conduct is offered on a theory that it is not a statement and thus not hearsay. It further provides that the burden of showing that an intention existed is upon the proponent or party claiming the existence of an intention. Ambiguous cases will be resolved in favor of admissibility. We observe that no preliminary determination was made below, and the record contains no evidence that the victim's mother intended to make an assertion by her conduct. We conclude that the evidence is not hearsay, and was admissible. Compare, *People v Davis,* 139 Mich App 811, 813; 363 NW2d 35 (1984).

The second claim of error concerns the testimony of Officer Klann that the victim's family was

very emotional when they reported the incidents to him. Defendant contends that this testimony constitutes hearsay and evidence of prior consistent statements. We disagree. The officer's testimony merely establishes the fact of the family's report and his perception of them. This evidence in no way repeats the substance of the report given by the victim's family.

The third claim of error concerns the prosecuting attorney's request to Officer Klann to read a sentence from his report and Klann's mistake by beginning to read aloud the sentence. (" 'While she was sitting on the roll-a-way *[sic]* she stated her grandfather walked up to h—' ".) Defendant contends that this is hearsay and evidence of prior consistent statements. The error is harmless, because the witness was promptly instructed to read the sentence to himself. Further, the portion read is not damaging.

The fourth claim of error concerns the mother's testimony that the victim informed her of the incident and Officer Klann's testimony that the victim gave him a statement. According to defendant, these are inadmissible prior consistent statements. We disagree, because the testimony merely establishes that the victim reported the events. The testimony does not repeat the substance of the victim's statements.

The fifth claim of error concerns the testimony of Officer Klann which clarified the source of words contained in his report. We find no error since defense counsel also elicited this testimony for clarification purposes.

Defendant's final claim of error concerns the testimony of the victim's mother that she waited one week to inform police because she wanted to consult with her husband, and with a minister and a psychologist. The trial court overruled defen-

dant's objection with respect to relevancy. On appeal defendant claims that the evidence is hearsay. Evidentiary objections must be specific and state the precise ground or grounds for the objection. Failure to state the proper reason precludes appellate review unless there is manifest injustice. MRE 103(a)(1); *Joba Construction Co, Inc v Burns & Roe, Inc,* 121 Mich App 615, 626; 329 NW2d 760 (1982). We find no manifest injustice and no abuse of discretion in the trial court's ruling. The testimony explains the one-week delay. Further, it relates to credibility, a key issue in a criminal sexual conduct case such as this where it is the complainant's word against the defendant's word.

Defendant's convictions are affirmed.