PEOPLE v FLAHERTY

Docket No. 89822. Submitted December 10, 1986, at Detroit. Decided
December 9, 1987.

John F. Flaherty was convicted of larceny by false pretenses
following a jury trial in St. Clair Circuit Court, Peter E.
Deegan, J., and was sentenced to five years probation. On
appeal, defendant raised several claims of error.

The Court of Appeals *held:*

1. Sufficient evidence was presented establishing venue in St.
Clair County. Although defendant, an insurance agent whose
offices were in Macomb County, was never physically present in
St. Clair County at the times relevant to this case, the false
representations he made in a series of communications by mail
and telephone from his offices regarding a nonexistent insur-
ance policy, for which he collected premiums, achieved their
effect on his victim in St. Clair County.

2. Defendant did not preserve for appellate review his claim
that the trial court erred by not instructing the jury on venue
since the facts relevant to the venue issue were not in dispute
and defendant did not request an instruction on venue.

3. The trial court did not err in allowing the prosecution to

REFERENCES

Am Jur 2d, Criminal Law §§ 41, 361 *et seq.*; 567 *et seq.*

Am Jur 2d, Evidence §§ 493 *et seq.*; 1080 *et seq.*; 1094, 1103, 1170-
1172.

Am Jur 2d, Witnesses §§ 656 *et seq.*

Construction and application of Rule 608(b) of Federal Rules of
Evidence dealing with use of specific instances of conduct to
attack or support credibility. 36 ALR Fed 564.

What constitutes statement against interest admissible under Rule
804(b)(3) of Federal Rules of Evidence. 34 ALR Fed 412.

Comment Note—Necessity of proving venue or territorial jurisdic-
tion of criminal offense beyond reasonable doubt. 67 ALR3d 988.

State court's power to place defendant on probation without imposi-
tion of sentence. 56 ALR3d 932.

Comment Note.—Mental or emotional condition as diminishing
responsibility for crime. 22 ALR3d 1228.

Consideration, in determining facts, of inadmissible hearsay evi-
dence introduced without objection. 79 ALR2d 890.

cross-examine defendant regarding whether defendant and his agency were licensed to sell insurance. Defendant's response indicating that he was not licensed did not by itself lead to an inference that he was a man of bad character or that he acted in conformity with that character. Additionally, defendant's business practices were an issue at trial and the prosecution's inquiry into defendant's license was probative on the issue.

4. Prejudice requiring reversal did not result from the testimony of a witness for the prosecution who indicated that the Insurance Commission was "looking for" defendant. The testimony was not in response to a question by the prosecution, but was volunteered by the witness, and the witness' statement was stricken from the record on hearsay grounds.

5. The trial court did not err in excluding evidence of defendant's drunken driving convictions as set forth in his driving record on the grounds of relevancy. The substantive issue in controversy at trial was defendant's intent. Any personal drinking problem as manifested by a history of drunken driving convictions is not probative of defendant's intent.

6. Defendant was not denied a right to present a defense because of the trial court's remarks and ruling on the proffered evidence of his driving record.

7. Testimony by a witness for the prosecution regarding statements made to him by an insurance company employee indicating that a policy was never issued was not hearsay since it was introduced not to prove the truth of the matter asserted, but to show the effect of the statement on the person who heard it, i.e., the prosecution witness.

8. The jury was fairly instructed on the issue of defendant's intent and the trial court did not err in not instructing the jury on diminished capacity. The defense of diminished capacity is not available where, as here, the testimony establishes only that a defendant could not fully appreciate the consequences of his actions.

9. A condition of defendant's sentence requiring him to pay the cost of appointed counsel neither infringed on his constitutional right to counsel nor violated his equal protection rights. A sentencing court is statutorily empowered to impose costs as a condition of probation so long as the probationer is able to pay.

Affirmed.

1. CRIMINAL LAW — APPEAL — EVIDENCE — SUFFICIENCY OF EVIDENCE.

The Court of Appeals, in determining whether a conviction was

based on sufficient evidence, considers the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt.

2. CRIMINAL LAW — VENUE.

Proof of venue is an essential element of every criminal case; when a felony consists or is the culmination of two or more acts done in the perpetration thereof, the felony may be prosecuted in any county in which any one of the acts was committed (MCL 762.8; MSA 28.851).

3. CRIMINAL LAW — FALSE PRETENSES.

The crime of false pretenses requires (1) a false representation as to an existing fact, (2) knowledge by the defendant of the falsity of the representation, (3) use of the false representation with an intent to deceive, and (4) detrimental reliance by the victim on the false representation (MCL 762.8; MSA 28.851).

4. CRIMINAL LAW — APPEAL — VENUE.

A defendant waives appellate' review of an issue concerning venue where the facts relevant to the venue issue are not in dispute and the defendant does not request an instruction on venue at trial (MCL 767.45; MSA 28.985).

5. EVIDENCE — APPEAL.

The decision of a trial court concerning the admissibility of evidence will not be disturbed on appeal unless there is a clear abuse of discretion or the ruling is clearly erroneous.

6. EVIDENCE — APPEAL — FAILURE TO OBJECT.

Failure to object at trial to the admission of evidence precludes appellate review absent manifest injustice (MRE 103[a][1]).

7. WITNESSES — CREDIBILITY — RULES OF EVIDENCE.

Specific instances of conduct of a witness, for the purpose of supporting credibility, may not be proven by extrinsic evidence (MRE 608[b]).

8. EVIDENCE — HEARSAY.

Evidence of a statement made out of court is not hearsay where it is offered to show the effect of the statement on the person who heard it.

9. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL.

Jury instructions are reviewed in their entirety on appeal where a defendant has claimed an error in the trial court's instructions; there is no error, even where the instructions are imper-

fect, if the instructions fairly presented to the jury the issues to be tried and successfully protected the rights of the defendant.

10. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL.

A verdict will not be set aside on an alleged error in the jury instructions where no objection was made to the alleged error at trial unless it resulted in a miscarriage of justice; a miscarriage of justice occurs when an erroneous or omitted instruction pertains to a basic and controlling issue in the case.

11. CRIMINAL LAW — DEFENSES — DIMINISHED CAPACITY — EVIDENCE.

The defense of diminished capacity is available only where it is shown that the defendant's impairment rendered him unable to formulate the specific intent to commit a crime; that defense is not available where testimony establishes only that a defendant could not fully appreciate the consequences of his acts.

12. CRIMINAL LAW — SENTENCING — PROBATION.

A sentencing court may order a defendant to pay costs, including an appointed counsel's fee, as a condition of a sentence of probation; the court, however, may not punish the probationer for failing to pay costs which the probationer cannot afford (MCL 771.3; MSA 28.1133).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *James Krogsrud*), for defendant on appeal.

Before: WAHLS, P.J., and R. M. MAHER and D. J. SHIPMAN,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of larceny by false pretenses, MCL 750.218; MSA 28.415. He was sentenced to five years' probation. Defendant appeals as of right, raising various claims of error. We affirm.

Defendant's conviction arose out of a series of business transactions. The victim of the larceny

* Circuit judge, sitting on the Court of Appeals by assignment.

was Robbins & Marcozzi, Inc. (R & M), a general insurance agency. R & M did business with defendant's insurance agency, Flaherty-Marlin, when it needed coverage in a specialized area for one of its clients. In November, 1982, one of R & M's clients, St. Clair County Community College, sought liability coverage in a specialized area effective January 1, 1983. R & M contacted defendant. On December 27 or 28, 1982, R & M received defendant's quote for the policy. The college accepted the quote. On December 31, 1982, an employee of R & M called defendant and requested that coverage be put into effect. Defendant confirmed that the premium would be $3,740. A policy is normally received fifteen to ninety days later.

In January, 1983, R & M sent binders, application forms pertaining to the policy, and an invoice for the premium to the college. "Binders" represent insurance policies and are used by an agency as a temporary means of binding coverage until the insurance company issues the policy. After ninety days lapsed with no policy forthcoming, R & M made numerous attempts to resolve the matter. Contact was made with defendant, as well as two of his employees, but no policy was received. In the meantime, R & M sent monthly binders to the college.

In August, 1983, R & M received a cover note from defendant's agency, together with a memo containing defendant's signature and an invoice for $3,368.70. A "cover note" is similar to a binder in that it substitutes for the policy on a temporary basis. Relying on the cover note, R & M paid the invoice amount.

In November, 1983, John Robbins, an insurance agent for R & M, conducted an investigation as to why there was still no policy. Robbins was unable to reach anyone at defendant's agency. He did,

however, reach Fremont Indemnity, the insurance company which was supposed to issue the policy. Upon doing so, Robbins learned that Professional Managers, Inc., handled the type of insurance sought by the college on behalf of Fremont and that the college had no policy for 1983. R & M was able to obtain a policy for the college commencing January 1, 1984.

The subsequent larceny charge against defendant stemmed from the monies R & M paid to defendant's agency for the 1983 policy which was never issued. Defendant, who testified on his own behalf, claimed that he did not intend to defraud R & M at the time the cover note and invoice were sent. Defendant recalled having a personal drinking problem during 1983 which caused him to neglect his business operations. He maintained that what occurred was the result of a business error, and not a false pretense. In December, 1983, defendant closed his agency and disposed of certain business records, including the file on R & M and the college.

On appeal, defendant first argues that insufficient evidence was presented on venue because he never set foot in the county where he was tried. In reviewing a sufficiency of the evidence question, we consider the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885 (1980). Proof of venue is an essential element of every criminal case. *People v Jackzo,* 206 Mich 183; 172 NW 557 (1919). The venue statute, MCL 762.8; MSA 28.851, states:

> Whenever a felony consists or is the culmination

of 2 or more acts done in the perpetration thereof, said felony may be prosecuted in any county in which any 1 of said acts was committed.

The crime of larceny by false pretenses requires (1) a false representation as to an existing fact, (2) knowledge by the defendant of the falsity of the representation, (3) use of the false representation with an intent to deceive, and (4) detrimental reliance by the victim on the false representation. *People v Wogaman,* 133 Mich App 823, 826; 350 NW2d 816 (1984). To constitute a felony, the victim must give up over $100 pursuant to the representation. MCL 750.218; MSA 28.415.

In the present case, defendant's agency was in Macomb County, while R & M was in St. Clair County. Defendant was tried in St. Clair County. Evidence was presented that the larceny offense was accomplished through a series of mail and telephone communications which moved across county boundaries. Some of these communication "acts" had their effect in St. Clair County. For instance, defendant caused a cover note and invoice to be placed in the mail in Macomb County. This ultimately reached R & M in St. Clair County, causing R & M to authorize payment on the invoice and place the payment in the mail. We find no particular significance in the fact that defendant was physically present in Macomb County when he initiated the various communications. The effective false representation occurred in St. Clair County. We, therefore, conclude that venue was properly in St. Clair County. Sufficient evidence of venue was presented.

Defendant next argues that the trial court erred by not instructing the jury on venue. The trial record reveals that facts relevant to the venue issue were not in dispute. Instead, the parties disagreed as to the applicable law. For this reason

and because defendant did not request a venue instruction, we conclude that this issue has not been preserved for appellate review. See MCL 767.45; MSA 28.985 and *People v Belanger,* 120 Mich App 752; 327 NW2d 554 (1982).

Defendant next raises several claimed evidentiary errors. The first claim of error concerns the prosecution's cross-examination of defendant on whether defendant and his agency were licensed to sell insurance. Defense counsel's objection on relevancy grounds was overruled. The prosecution was able to elicit from defendant that his agency was licensed but that he did not personally hold any licenses. On appeal, defendant contends that this evidence was inadmissible because it was not relevant. Defendant also raises for the first time a specific objection to the evidence on the ground that it was presented to establish that he was a "bad man."

Generally, when reviewing a trial court's evidentiary ruling, we will not overturn the ruling unless there is a clear abuse of discretion, *People v Solak,* 146 Mich App 659, 673; 382 NW2d 495 (1985), or the ruling is clearly erroneous. *People v Atkins,* 117 Mich App 430, 435; 324 NW2d 38 (1982). However, a defendant's failure to object stating the precise grounds for objection forecloses review unless there is manifest injustice. MRE 103(a)(1); *People v Watts,* 145 Mich App 760, 764; 378 NW2d 787 (1985), lv den 424 Mich 889 (1986).

Here, defendant's lack of a personal license did not in itself lead to an inference that he was a bad man. Even if it did constitute a bad act, the evidence could be admitted if it was probative of an issue raised at trial. MRE 404(b); see *People v Freeman,* 149 Mich App 119; 385 NW2d 617 (1985). One issue raised at trial was defendant's business practices. The prosecutor's inquiry on

whether defendant held any licenses was probative of this issue. The real issue raised by defendant's newly raised "bad man" argument seems to be that the evidence should have been excluded because the probative value was outweighed by the danger of unfair prejudice. MRE 403; *People v McKinney,* 410 Mich 413, 420; 301 NW2d 824 (1981). It is clear to us that defendant's mere admission that he was not personally licensed did not create a risk of unfair prejudice. Consequently, we will not overturn the trial court's evidentiary ruling.

Defendant's next claim of evidentiary error concerns Robbins' testimony during direct examination by the prosecution that the state insurance department was "looking for him [defendant]." Robbins' testimony was not elicited by the prosecution. Rather, it immediately followed defense counsel's objection on hearsay grounds as to what insurance people told Robbins and the trial court's reply that Robbins should avoid any hearsay response. Robbins' testimony as to what he was told was stricken at defense counsel's request. On appeal, defendant argues that Robbins' testimony was prejudicial on the issue of defendant's credibility, particularly when viewed with the licensing testimony discussed above. From our review of the record, we are not convinced that Robbins' purged testimony was so persuasively prejudicial that it requires reversal. See *People v Stegall,* 102 Mich App 147; 301 NW2d 473 (1980).

Defendant's next claim of evidentiary error concerns the trial court's ruling to exclude a certified copy of his driving record on relevancy grounds. The driving record was offered by defense counsel during his direct examination of defendant to show defendant's drunken driving convictions and, thereby, to verify defendant's own testimony on

his drinking problems. Since the purpose of the evidence was to verify defendant's own testimony, it appears that it was offered on the issue of defendant's credibility. However, specific instances of conduct of a witness, for the purpose of supporting credibility, may not be proven by extrinsic evidence. MRE 608(b). Furthermore, the substantive issue in controversy at trial was defendant's intent. Whether or not defendant had a history of drunken driving convictions is not probative on this issue. Consequently, the trial court correctly excluded evidence of defendant's drunken driving convictions as set forth in his driving record.

Defendant next argues that he was denied a right to present a defense because the trial court's remarks and ruling on the proffered evidence of his driving record, in effect, told the jury that his drinking problems were not relevant. We find no merit in this claim. Neither the trial court's remarks nor its evidentiary ruling deprived defendant of a right to present a defense.

Defendant's next claim of evidentiary error concerns the prosecution's alleged introduction of hearsay evidence over defense counsel's objection. Hearsay evidence is an out-of-court statement offered to prove the truth of the matter asserted. MRE 801(c). A statement offered to show the effect of the statement on the hearer is not hearsay and may be properly admitted. *People v Eggleston,* 148 Mich App 494, 502; 384 NW2d 811 (1986). Here, the alleged hearsay was Robbins' testimony on statements made to him by an insurance company employee indicating that the insurance company never issued the 1983 policy. The testimony was offered to show the effect of the statements on Robbins and his subsequent actions in response to the statements. Consequently, it was not hearsay. Even if it was hearsay, the evidentiary error

would be harmless beyond a reasonable doubt. *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972). In his own testimony, defendant admitted that he did not procure the 1983 policy.

Defendant's final evidentiary claim is that the cumulative effect of the various errors was so prejudicial that he was denied a fair trial. From our resolution of the various evidentiary issues, we find no unfairness.

Defendant next argues that the trial court erred in not sua sponte instructing the jury on his "alcoholism" defense to the intent element of the larceny offense. In reviewing claimed instructional error, the instructions must be read in their entirety. *People v Kelly,* 423 Mich 261, 270; 378 NW2d 365 (1985). Even when instructions are imperfect, there is no error if the instructions fairly present to the jury the issues to be tried and successfully protect the rights of the defendant. *People v Burgess,* 153 Mich App 715, 726; 396 NW2d 814 (1986), lv den 428 Mich 868 (1987). When no objection is made, relief will be granted only if there is manifest injustice. *Kelly, supra,* p 272. Manifest injustice occurs if the error or omitted instruction pertains to a basic and controlling issue in the case. *Burgess, supra,* p 726.

With regard to defendant's alcoholism defense, we first note that MRE 404(a)(1) does permit an accused to introduce evidence of his character to prove conformance therewith on a particular occasion. *People v Whitfield,* 425 Mich 116; 388 NW2d 206 (1986). However, a diminished capacity defense, such as voluntary intoxication, is only available where it is shown that a defendant's impairment rendered him unable to formulate the specific intent to commit a crime. It is not available where testimony establishes only that a defendant could not fully appreciate the consequences of his

actions. *People v Denton,* 138 Mich App 568; 360 NW2d 245 (1984). Here, the crux of defendant's defense was that his drinking problems caused him to neglect his business and led to a business error. Defendant did not show that his impairment rendered him incapable of formulating the requisite intent to deceive. From our review of the evidence and the jury instructions, as a whole, we conclude that the jury was fairly instructed on the intent issue. Consequently, no manifest injustice occurred.

Defendant's final argument concerns one of the conditions of his probation. Defendant contends that the imposition of a requirement that he reimburse his appointed counsel infringed on his right to counsel under US Const, Am XIV and Const 1963, art 1, § 20 and was violative of his equal protection rights under US Const, Am XIV and Const 1963, art 1, § 2. We disagree.

MCL 771.3; MSA 28.1133 authorizes imposing costs as a condition of probation, subject to a requirement that a probationer not be punished for failing to pay costs which the probationer cannot afford. *People v Music,* 428 Mich 356, 361-362; 408 NW2d 795 (1987). Probation and the conditions thereof is a privilege. *People v Lemon,* 80 Mich App 737, 742; 265 NW2d 31 (1978). When given, the defendant has the privilege of avoiding the usual penalty for his crime. *People v Jim Williams,* 57 Mich App 439; 225 NW2d 798 (1975). This privilege is not violative of any of defendant's constitutional rights. *Id.,* p 442. Consequently, defendant's right to counsel was not infringed upon.

With regard to defendant's equal protection argument, we first note that defendant does not claim any inability to pay. Since the amount imposed is statutorily limited by a probationer's ability to pay, we find no violation of defendant's

equal protection rights. See *People v Courtney,* 104 Mich App 454, 457; 304 NW2d 603 (1981), and *Fuller v Oregon,* 417 US 40; 94 S Ct 2116; 40 L Ed 2d 642 (1974).

Defendant's conviction and sentence are affirmed.