*607 CAVANAGH, J.
(dissenting). I disagree with the majority’s hasty decision to affirm defendant’s convictions. Although I generally agree with the majority that, under the facts of this case, venue was not proper in Saginaw County for defendant’s trial on charges of witness intimidation and solicitation to commit murder, and I also agree that People v Flaherty, 165 Mich App 113; 418 NW2d 695 (1987), and People V Fisher, 220 Mich App 133; 559 NW2d 318 (1996), should be overruled because those cases gave MCL 762.8 an overly broad interpretation that exceeded the scope of the statute’s plain language, I respectfully disagree with the remainder of the majority opinion.
To begin with, I disagree with the majority’s decision to extend the harmless error analysis to claims of improper venue. As recognized by Chief Justice Kelly’s dissent, extending the harmless error analysis to claims of improper venue will likely result in a futile exercise in most, if not all, cases under the majority’s reasoning in this case. Further, the Court of Appeals did not address this argument, and, as mentioned by Chief Justice Kelly, this issue took up a small portion of the parties’ briefs. Accordingly, I would remand to the Court of Appeals to consider this jurisprudentially significant issue of apparent first impression.
I also disagree with the majority’s application of MCL 600.1645 to this case. This statute has never been applied to a criminal case, and it was mentioned for the first time at oral argument by justices of this Court. Further, given the majority’s determination that any error in this case was harmless, I question the necessity of the majority’s decision to affirm the jury’s verdict on this alternative basis. Because the application of MCL 600.1645 is unnecessary to reach in this case and is, *608 thus, likely nothing more than obiter dictum, I would reserve judgment on this issue.[1]
Finally, I dissent from the majority’s apparent holding that caselaw requiring the prosecution to prove venue beyond a reasonable doubt has been abrogated by statute. It is well established that “ ‘legislative amendment of the common law is not lightly presumed,’ ” Dawe v Dr Reuven Bar-Levav & Assoc, PC, 485 Mich 20, 28; 780 NW2d 272 (2010) (citation omitted), and the Legislature should “ ‘speak in no uncertain manner when it seeks to abrogate the plain and long-established rules of the common law.’ ” People v Serra, 301 Mich 124, 130; 3 NW2d 35 (1942) (citation omitted). Yet the majority, without citation and with only a cursory analysis, eviscerates longstanding precedent on an issue that the parties were not directed to brief.[2]
Because I believe that the majority prematurely or unnecessarily reaches the aforementioned issues, I respectfully dissent.

 I would also not reach the issue of whether, under MCL 600.1645, venue challenges in criminal cases must be resolved though an interlocutory appeal.

 In making its sweeping assertion, the majority also turns a blind eye to MCL 767.45(l)(c), which suggests that, if a defendant raises the issue before it is submitted to a jury, a verdict can be set aside “by reason of failure to prove that the offense was committed in the county ... of the court” and, as a result, leaves the bench and bar with little guidance as to the appropriate burden of proof for claims regarding the prosecution’s failure to prove venue.