PEOPLE v WEBBS

Docket No. 246372. Submitted July 13, 2004, at Lansing. Decided September 9, 2004, at 9:00 A.M.

Calvin C. Webbs was charged in the Grand Traverse Circuit Court with felony larceny by false pretenses, MCL 750.218(4)(a), because he had falsely identified himself as James Hardy, a resident of Grand Traverse County, and applied for and received a loan from Beneficial Consumer Finance in Wayne County. On the defendant's motion, the court, Thomas G. Power, J., dismissed the case on the basis of improper venue because there was no evidence that any act done in perpetration of the offense occurred in Grand Traverse County. The prosecution appealed.

The Court of Appeals *held*:

The plain language of MCL 762.8 provides that venue is proper in any county in which any act done in perpetration of a felony was committed. The statute does not say that venue is proper in any county in which there is some effect from the offense. In this case, because the plain language of that statute plainly requires an act to be done in the perpetration of the felony to raise venue in a county, without regard to the where the effects of the crime are felt, and because there was no evidence that any act in perpetration of the crime was done in Grand Traverse County, the trial court properly granted the defendant's motion to dismiss the case on the basis of improper venue.

Affirmed.

VENUE — FELONIES — ACTS IN PERPETRATION — EFFECTS OF CRIME.

Venue in a felony case is proper in any county in which any act done in perpetration of the felony was committed, but not in a county in which there are only effects of the crime that are not essential to the offense (MCL 762.8).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Dennis LaBelle*, Prosecuting Attorney, and *Alan Schneider*, Chief Assistant Prosecuting Attorney, for the people.

*Wilson D. Brott, P.L.C.* (by *Wilson D. Brott*), for the defendant.

Before: BANDSTRA, P.J., and FITZGERALD and HOEKSTRA, JJ.

FITZGERALD, J. Plaintiff appeals as of right the order dismissing the charge against defendant on the basis of improper venue. We affirm.

Defendant was charged in Grand Traverse County with one count of larceny of $1,000 or more, but less than $20,000, by false pretenses, MCL 750.218(4)(a).[1] According to the felony complaint, in February 2000 defendant, falsely identifying himself as James Hardy, applied for and received a loan in the amount of $5,200 from Beneficial Consumer Finance (Household Bank) in Wayne County. James Hardy is a resident of Grand Traverse County. The complaint identified Grand Traverse County as the location where the offense occurred.

Defendant moved to dismiss the charge on the ground that venue was improper in Grand Traverse County because all the acts in perpetration of the offense occurred in Wayne County. The trial court granted the motion to dismiss, finding no evidence that any act done in perpetration of the offense occurred in Grand Traverse County. The trial court reasoned that defendant applied for the loan and received the money in Wayne County and that the only possible connection of the offense to Grand Traverse County was the possibility that defendant received the information to

---

[1] "The crime of larceny by false pretenses requires (1) a false representation as to an existing fact, (2) knowledge by the defendant of the falsity of the representation, (3) use of the false representation with an intent to deceive, and (4) detrimental reliance by the victim on the false representation." *People v Flaherty,* 165 Mich App 113, 119; 418 NW2d 695 (1987).

carry out the offense from an application that James Hardy submitted to a lender in Grand Traverse County. However, it is undisputed that no evidence was presented to establish the means by which defendant received James Hardy's personal identity information and the prosecutor conceded that he did not "have proof of the Defendant committing some act that has some direct nexus to Grand Traverse County."

"A trial court's determination regarding the existence of venue in a criminal prosecution is reviewed de novo." *People v Fisher,* 220 Mich App 133, 145; 559 NW2d 318 (1996). Venue is a part of every criminal prosecution and must be proved by the prosecutor beyond a reasonable doubt. *Id.* "Due process requires that the trial of criminal prosecutions should be by a jury of the county or city where the offense was committed, except as otherwise provided by the Legislature." *Id.*

"Venue rules traditionally have served to ensure that proceedings are held in the most convenient forum." *Gross v Gen Motors Corp,* 448 Mich 147, 155; 528 NW2d 707 (1995). Convenience is evaluated "primarily in terms of the interests of the parties and any relevant witnesses. However, the primary goal is to minimize the costs of litigation not only by reducing the burdens on the parties, but also by considering the strains on the system as a whole." *Id.* The determination of venue "should only concern the selection of a fair and convenient location where the merits of a dispute can be adjudicated." *Id.* at 156.

Whenever a felony consists or is the culmination of two or more acts done in the perpetration thereof, the felony may be prosecuted in any county in which any one of the acts was committed. MCL 762.8. Plaintiff argues that under MCL 762.8, venue is proper in Grand

Traverse County because this statute permits venue in the county where there are "effects" of the acts committed in perpetration of the felony. Plaintiff contends that James Hardy suffered the effects of having his personal identity information stolen in Grand Traverse County.

"Where . . . venue is established by statute, this Court's primary objective is to effectuate legislative intent without harming the plain wording of the act." *Keuhn v Michigan State Police*, 225 Mich App 152, 153; 570 NW2d 151 (1997). The plain language of MCL 762.8 provides that venue is proper "in any county in which any one of said acts [done in perpetration of a felony] was committed." The Legislature did not draft MCL 762.8 to provide for venue in the county where the "effects" of the acts done in perpetration of a felony were felt. Cf. MCL 762.2(1) ("A person may be prosecuted for a criminal offense he or she commits while he or she is physically located within this state or without this state if . . . (e) [t]he criminal offense produces substantial and detrimental *effects* within this state" [emphasis added].). If the language of a statute is clear and unambiguous, this Court must assume that the Legislature intended its plain meaning and enforce the statute as written. Because the plain language of MCL 762.8 requires an act to be done in the perpetration of the felony without regard to where the effects of the crime are felt, and because there was no evidence that any act in perpetration of the crime was done in Grand Traverse County, the trial court properly granted defendant's motion to dismiss on the basis of improper venue.

*Fisher* and *People v Flaherty*, 165 Mich App 113, 119; 418 NW2d 695 (1987), on which the prosecution relies, are factually distinguishable. In those cases, the Court

interpreted MCL 762.8 broadly, ruling that venue was proper in a county where the "effects" of the defendant's essential acts in furtherance of the offense were felt or suffered. In *Fisher,* the defendant was charged in Wayne County with inciting perjury and attempted obstruction of justice. The defendant had previously been convicted of murdering his wife. Pending an appeal of his murder conviction, the defendant was imprisoned at Jackson Prison. According to the felony complaint, the defendant, while in Jackson Prison, "knowingly attempted to persuade, incite, and procure [another inmate] to swear to a false affidavit for use by defendant's appellate attorney in legal pleadings that would either further defendant's appeal of his murder conviction or be used to help him obtain a new trial." *Fisher, supra* at 136. This Court noted that the defendant's acts "were intended to affect proceedings pending in [Wayne County]" and that "the obstruction charge required proof that defendant intended to hinder the due course of justice in the case pending in Wayne County." *Id.* at 152. This Court concluded, "An act that has effects elsewhere that are essential to the offense is, in effect, committed in the place where the act has its effects." *Id.*

In *Flaherty,* the defendant was charged with the offense of larceny by false pretenses. The defendant's insurance agency was located in Macomb County, and he was tried in St. Clair County. The defendant had allegedly defrauded a general insurance agency, having accepted money from it for an insurance policy that was never issued. *Flaherty, supra* at 118-119. This Court noted that evidence was presented that the larceny was accomplished through mail and telephone communications that moved across county boundaries, and that some of these acts had their effects in St. Clair County, including the general agency's authorization of an

invoice and placing of payment to the defendant in the mail. This Court stated, "The effective false representation occurred in St. Clair County." *Id.* at 119.

The reasoning in *Fisher* and *Flaherty* does not comport with the plain language of MCL 762.8. Nonetheless, those cases are factually distinguishable. In *Fisher,* the obstruction charge required proof that defendant intended to hinder the due course of justice in the case pending in Wayne County, and the defendant's act of inciting perjury was intended to have an effect on the proceedings in Wayne County. In *Flaherty,* the larceny offense was accomplished through mail and telephone communications that moved across county boundaries. Although the defendant was physically present in Macomb County, the false representation occurred in St. Clair County. In both cases, the defendants' acts had effects elsewhere that were essential to the offenses charged. In contrast, defendant's use of Hardy's personal identity information is not an act that had effects essential to the offense of larceny by false pretenses.[2] Even accepting as true plaintiff's allegation that James Hardy suffered tangential effects in Grand Traverse County as a result of defendant's use of Hardy's personal identity information,[3] those alleged effects are not essential to the charged offense.

Affirmed.

---

[2] Importantly, this case does not involve the offense of obtaining another person's identity information with intent to unlawfully use the information. MCL 750.285. That statute did not become effective until April 1, 2001.

[3] There is no actual evidence that any particular effects of defendant's conduct were felt by Hardy in Grand Traverse County.