*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOWNSHIP OF REDFORD,

Plaintiff-Appellee,

v

KARMEN ALLETIA SCHOOLY,

Defendant-Appellant.

UNPUBLISHED
July 30, 2025
2:09 PM

No. 373590
Wayne Circuit Court
LC No. 24-001588-01-AR

Before: GADOLA, C.J., and RICK and YATES, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals by leave granted[1] the circuit court's opinion and order, which reversed the district court's orders of dismissal and remanded the matter for reinstatement of misdemeanor ordinance violations against defendant. We reverse.

## I. FACTS

Defendant, a resident of Pontiac, Michigan, operates an animal rescue organization. In April 2021, defendant learned of 10 malnourished puppies housed in an animal shelter in Estill County, Kentucky, that were set to be euthanized. Defendant located a couple in Redford Township willing to foster the puppies, and defendant arranged for the puppies to be transported from the Kentucky shelter to Pontiac. Defendant purportedly conducted a video call with the Redford Township couple to determine whether they were capable of fostering the puppies. On April 27, 2021, the Redford Township couple retrieved the puppies from defendant's Pontiac residence, in addition to food provided by defendant's organization for the animals, and the 10 puppies accompanied the couple back to their home in Redford Township.

The next day, Redford Township Animal Control received an anonymous complaint by the couple's neighbors, who claimed they "were bringing in crates of animals"; Officer Roxanne

---

[1] See *Redford Twp v Schooly*, unpublished order of the Court of Appeals, entered January 14, 2025 (Docket No. 373590).

-1-

Polovich was dispatched to the scene.  Officer Polovich conducted a "welfare check" to ensure the safety of the puppies, and after allegedly discovering that the puppies were dehydrated, malnourished, and had fleas and ticks, the puppies were removed from the property.  The puppies were subsequently transported to the Michigan Humane Society for further evaluation.  Defendant contacted Officer Polovich to collect the puppies, but Officer Polovich refused to return the animals to defendant.  Officer Polovich further noted in her report, in an entry dated 4:00 p.m., on April 28, 2021, that she checked on the dogs at the Humane Society and,  "All dogs were healthy and very alert."  Documentation authored by the Humane Society indicated that the examination of the puppies on April 28, 2021, revealed that the animals appeared generally healthy, and there was no evidence of fleas or other skin conditions.  The Redford Township couple fostering the puppies was not charged with any ordinance violations.  Defendant, however, was issued 10 citations, one for each puppy, for violating Redford Township's animal cruelty ordinance.

In June 2021, defendant filed a motion to dismiss in the district court raising three grounds for dismissal: (1) defendant did not perform any acts that may be deemed as inflicting cruelty on the animals, (2) the district court lacked jurisdiction because, if anything, the allegation that defendant failed to provide medical care constituted a felony under state law, for which Redford Township maintained no authority to prosecute, and (3) venue was improper because defendant was never physically present in Redford Township, the puppies were picked up from defendant's Pontiac residence, and defendant's alleged unlawful conduct occurred in Pontiac, not Redford Township.  Following an evidentiary hearing during which Officer Polovich was the sole witness, the district court instructed the parties to prepare additional briefs regarding the underlying issues.  In October 2021, defendant filed a second brief in support of her motion to dismiss contending venue was improper because the record plainly indicated that defendant was never physically present in Redford Township during the underlying incident, nor did defendant's alleged unlawful acts transpire in Redford Township.  In February 2022, the district court granted defendant's motion to dismiss on probable-cause, territorial jurisdiction, and venue grounds, and it entered orders of dismissal as to all 10 citations against defendant.

In March 2024, the prosecution appealed the dismissal order in the circuit court, contending that the determination of venue was a question of fact for the jury, and venue was proper in the instant matter because defendant committed several acts in furtherance of animal cruelty that occurred or had an effect in Redford Township.  Following a motion hearing, the circuit court issued an opinion and order granting the prosecution's claim of appeal.  The circuit court found that "[i]n essence, defendant was performing business in Redford Township" so venue was proper.  The circuit court reversed the district court's orders of dismissal, reinstated the animal cruelty charges against defendant, and remanded the matter to the district court for further proceedings.  Defendant now appeals.

## II.  DISCUSSION

Defendant argues that the circuit court erroneously reversed the district court's orders of dismissal and improperly remanded the matter for reinstatement of the animal cruelty charges against defendant.  We agree.

> This Court reviews for an abuse of discretion a trial court's decision on a motion to dismiss charges against a defendant.  A trial court abuses its discretion when its

decision falls outside the range of reasonable and principled outcomes. In addition, an abuse of discretion occurs when, for example, a trial court premises its decision on an error of law. This Court reviews de novo both questions of law and questions of constitutional law. Finally, this Court reviews for clear error the trial court's findings of fact in a motion to dismiss. Clear error occurs when the reviewing Court is left with a firm conviction that the trial court made a mistake. [*People v Caswell*, 336 Mich App 59, 69-70; 969 NW2d 538 (2021) (quotation marks and citation omitted).]

"Questions regarding the exercise of territorial jurisdiction by a state court in a criminal prosecution are reviewed de novo on appeal." *People v Collins*, 298 Mich App 166, 172; 826 NW2d 175 (2012), citing *People v Gayheart*, 285 Mich App 202, 207; 776 NW2d 330 (2009). "A trial court's determination regarding the existence of venue in a criminal prosecution is reviewed de novo." *People v Houthoofd*, 487 Mich 568, 579; 790 NW2d 315 (2010).

Defendant was charged under Redford Township Ordinance, § 18-8(a), which provides, "No owner, possessor, or person having the charge or custody of an animal or bird shall torment, cruelly beat, cruelly kill or otherwise inflict cruelty upon any animal or bird." Defendant was issued 10 citations pursuant to the aforementioned ordinance for allegedly neglecting to provide medical care for 10 puppies. As a preliminary matter, we note that the circuit court reversed without acknowledging that the district court concluded there was no probable cause to establish a violation of the subject ordinance. While the prosecution argues that the district court solely issued its orders of dismissal on the basis of venue, the district court expressly stated, "I think that the Defense motion to dismiss based on venue and the Defense motion based on [failure] to comply with an ordinance, you know meet the ordinance requirements is—they're valid defenses and they are going to in this case cause the Court to dismiss the case." The district court further stated that the subject ordinance "does not contemplate venue for prosecution of any cases in places where the effects of the act are involved. So even if they were neglected in Pontiac, I don't think that the Court has jurisdiction to impose . . . a criminal penalty here." The district court reiterated, "I will dismiss both on venue and on the facts related to the actual charge that was—under which it was brought, so under the law and under the venue (inaudible)."

Despite the prosecution's contentions that defendant abandoned the issues of territorial jurisdiction and probable cause in the district court because defendant's October 2021 brief indicated that she was only requesting relief on the basis of venue, the underlying evidentiary hearing was conducted pursuant to defendant's original motion to dismiss, which discussed probable cause, jurisdiction, and venue. Further, all three grounds were addressed during the February 2022 motion hearing, during which the district court determined dismissal was warranted. Therefore, defendant has not abandoned the issues of probable cause and jurisdiction on appeal.

The district court was correct in finding no probable cause existed to charge defendant with the ordinance violations. "Probable cause that the defendant has committed a crime is established by evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt." *People v Henderson*, 282 Mich App 307, 312; 765 NW2d 619 (2009). "In determining whether probable cause existed, a reviewing court is to make an objective inquiry based on the facts and circumstances of the case, and a police

officer's subjective characterization of the events is not controlling." *People v Maggit*, 319 Mich App 675, 682-683; 903 NW2d 868 (2017).

The puppies in question were only present in Michigan for a brief period of time before being seized, and Officer Polovich was unable to say whether defendant was physically present in Redford Township, how long defendant had custody of the puppies, and when the alleged failure to administer medical care transpired. Rather, the evidence shows that defendant intervened to prevent the euthanasia of the puppies and organized a suitable foster home for the animals before being put up for adoption. Moreover, documents from the Michigan Humane Society reveal that the puppies were healthy and without ticks or fleas upon their intake screening, despite Officer Polovich contending otherwise. In light of these circumstances, there is no clear indication as to when, if at all, defendant's conduct could reasonably be characterized as animal cruelty, and the district court properly determined that there was no probable cause to believe defendant violated the subject ordinance.

The district court also correctly found it lacked jurisdiction and was the improper venue, considering there was no evidence to suggest defendant perpetrated any acts in furtherance of the animal cruelty offense in Redford Township. As previously explained by this Court:

> [T]erritorial jurisdiction and venue are two different concepts. Jurisdiction refers to the judicial power to hear and determine a criminal prosecution, whereas venue relates to and defines the place where the prosecution is to be brought or tried. Indeed, venue assumes the existence of jurisdiction.
>
> Michigan courts have long held that even though venue is not an essential element of a criminal offense, the determination of venue is a question of fact for the jury, and the existence of venue must be proved by the prosecutor beyond a reasonable doubt. [*Gayheart*, 285 Mich App at 215-216 (quotation marks and citations omitted).]

Michigan "has statutory territorial jurisdiction over any crime where any act constituting an element of the crime is committed within Michigan even if there is no indication that the accused actually intended the detrimental effects of the offense to be felt in this state." *People v Aspy*, 292 Mich App 36, 42; 808 NW2d 569 (2011) (quotation marks and citation omitted). Notably, "the difference between territorial jurisdiction and the essential elements of a criminal offense is an 'elusive distinction' because both territorial jurisdiction and the essential elements must be proven *before* the state can punish the allegedly criminal conduct." *Gayheart*, 285 Mich App at 215 n 5 (emphasis added).

"The general venue rule is that defendants should be tried in the county where the crime was committed." *Houthoofd*, 487 Mich at 579. The location at which an offense was committed is governed by the statute that a defendant is charged with violating. See *People v McBurrows*, 504 Mich 308, 317; 934 NW2d 748 (2019). Thus, while territorial jurisdiction and venue are distinct principles, both require that defendant perpetrated, or intended to perpetrate, an act constituting an element of the subject offense in Redford Township, as defendant was charged with violating Redford Township's animal cruelty ordinance.

As repeatedly advanced by defendant, defendant was never physically present in Redford Township during the underlying events, and the prosecution failed to demonstrate otherwise. The couple picked up the puppies from defendant in Pontiac. Therefore, the prosecution has not established jurisdiction or proper venue. See *Gayheart*, 285 Mich App at 215 n 5. Furthermore, there was no indication that the puppies required immediate medical care such that defendant depriving them of veterinary services for the short period of time the puppies were in her custody constituted animal cruelty.

While the prosecution cites MCL 762.8 to advance that Redford Township may exercise authority over defendant, this statute plainly applies to felonies, not to violations of local ordinances. MCL 762.8 states, "Whenever a felony consists or is the culmination of 2 or more acts done in the perpetration of that felony, the felony may be prosecuted in any county where any of those acts were committed or in any county that the defendant intended the felony or acts done in perpetration of the felony to have an effect." Even if MCL 762.8 was applicable, because defendant did not commit any acts in furtherance of animal cruelty in Redford Township, it is unclear how Redford Township would be permitted to charge defendant with any violation of its ordinance. Furthermore, despite the prosecution contending that jurisdiction and venue are questions for the trier of fact, this Court has determined that trial courts may resolve issues pertaining to the two matters before trial. See *Gayheart*, 285 Mich App at 211 (opining, "the trial court must exercise an initial gatekeeping function by first determining whether the facts to be offered by the prosecution, if proven, would be legally adequate to confer jurisdiction"); see also *People v Webbs*, 263 Mich App 531, 532; 689 NW2d 163 (2004) (affirming the trial court's order dismissing the charge against the defendant on the basis of improper venue). Redford Township acted beyond its lawful authority in charging defendant under Redford Township Ordinance, § 18-8(a), when defendant had not engaged in any conduct in Redford Township that may constitute an element of animal cruelty. Because the district court properly determined dismissal was warranted on probable-cause, venue, and jurisdictional grounds, defendant is entitled to relief.

We reverse the circuit court's order and reinstate the district court's orders of dismissal.


/s/ Michael F. Gadola
/s/ Michelle M. Rick
/s/ Christopher P. Yates