*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DIMARCO EUGENE SMITH,

        Defendant-Appellant.

UNPUBLISHED
August 15, 2024

No. 364325
Monroe Circuit Court
LC No. 2022-246746-FC

Before: O'BRIEN, P.J., and CAVANAGH and SHAPIRO[*], JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction on the charge of conspiracy to possess with intent to deliver 1,000 grams or more of cocaine, MCL 750.157a and MCL 333.7401(2)(a)(*i*), second or subsequent offense, MCL 333.7413(2)(a), for which he was sentenced as a fourth-offense habitual offender, MCL 769.12, to 270 to 480 months' imprisonment. We affirm.

## I. FACTUAL OVERVIEW

Defendant's convictions arise from his conspiring with others for the delivery of 1,000 grams or more of cocaine. On October 27, 2020, a package containing more than 1,500 grams of cocaine arrived at a Michigan post office from Arizona, addressed to coconspirator Paul Ricardo, and was intercepted by a postal inspector. After a controlled delivery to Ricardo's residence on October 28, 2020, Ricardo was taken into custody. While Ricardo was in custody, defendant called his phone numerous times. Ricardo, who agreed to cooperate with the police, gave information that led the police to defendant's residence for a controlled delivery. Ricardo drove to defendant's residence with a package, and defendant and Ricardo talked on the phone regarding their meeting. During their exchanges, Ricardo told defendant that he was "trying to get a little loot from [him,]" and defendant responded, "I got you." Defendant arrived home while Ricardo was waiting for him, but both men drove away without completing the delivery. The next day, October 29, 2020, defendant purchased a new phone. The prosecution presented defendant's cell phone records that showed that his phone was in Arizona near the home of a known drug dealer twice in October 2020, before the package arrived in Michigan. Defendant also had numerous communications

---

[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

with this drug dealer after the package went astray. The prosecutor theorized that defendant's phone records, which showed that defendant had communications about drugs, had a contact in Arizona where the package originated and reached out to this contact to procure more drugs after the package went astray, thereby demonstrating that he was expecting Ricardo to deliver the package to him. In turn, the defense asserted that defendant did nothing wrong, had not conspired with Ricardo or anyone for the delivery of cocaine, and never received any cocaine from Ricardo. The jury found defendant guilty as charged.

## II. JUROR MISCONDUCT

In his first claim, defendant argues that he is entitled to a new trial because the jury violated the trial court's instruction to refrain from discussing the case before formal deliberations, and that defense counsel was ineffective for failing to move for a mistrial on the basis of juror misconduct. We disagree.

We review a trial court's decision on a motion for a new trial for an abuse of discretion. *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Armstrong*, 305 Mich App 230, 239; 851 NW2d 856 (2014). We review a trial court's findings of fact for clear error. *People v Galloway*, 259 Mich App 634, 638; 675 NW2d 883 (2003). A finding is clearly erroneous if, after reviewing the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made. *Id*.

Because defendant failed to raise his ineffective-assistance claim in a motion for a new trial or request for an evidentiary hearing in the trial court, our review of this claim is limited to mistakes apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*. The effective assistance of counsel is presumed, and the burden is on the defendant to establish the contrary. *People v Roscoe*, 303 Mich App 633, 644; 846 NW2d 402 (2014). A defendant also has the burden of establishing the factual predicate for an ineffective-assistance-of-counsel claim. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

### A. DENIAL OF A NEW TRIAL ON THE BASIS OF JUROR MISCONDUCT

A criminal defendant has a constitutional right to a fair and impartial jury. US Const, Am VI; Const 1963, art 1, § 20; *People v Miller*, 482 Mich 540, 547; 759 NW2d 850 (2008). Misconduct on the part of a juror does not automatically require a new trial. *Id*. at 551. A new trial should be granted on the basis of juror misconduct only if

> the misconduct was such that it affected the impartiality of the jury or disqualified its members from exercising the powers of reason and judgment. A new trial will not be granted if no substantial harm was done thereby to the defendant, even

though the misconduct may merit a rebuke from the trial court if brought to its notice. [*People v Messenger*, 221 Mich App 171, 175; 561 NW2d 463 (1997).]

Prejudice must be shown, or facts clearly establishing the inference that it occurred from what was said or done. *People v Fetterley*, 229 Mich App 511, 545; 583 NW2d 199 (1998).

In this case, the court received the following note sent by "the jurors" after the prosecution rested its case and they were temporarily excused at defendant's request: "How did Paul Ricardo die? More specifically, was it a homicide because he was cooperating with authorities in order to bust the person he was taking the drugs to?" Defendant claims that this clearly evidenced that the jurors disregarded the court's preliminary instructions and "discussed the case amongst themselves as they collectively sent a note to the judge asking how Paul Ricardo died." Contrary to what defendant argues, however, there is nothing in the language of the note, or evidence elsewhere in the record, that indicates that the question was collectively submitted by the jurors after improper colloquy. When denying defendant's motion for a new trial on this basis, the trial court clearly recalled that the note was from one juror, observed that the timing of its submission was immediately after the prosecutor rested (i.e., there would not have been an opportunity to engage in any discussion), and explained why it used the plural term "jurors" even though the note was submitted by one juror. Indeed, defendant's mere speculation that the jury engaged in improper discussion before deliberations is insufficient to support his claim of juror misconduct. Furthermore, the trial court instructed the jury on two occasions before the note was submitted to not discuss the case before formal deliberations. It is well established that jurors are presumed to have followed their instructions. *People v Breidenbach*, 489 Mich 1, 13; 798 NW2d 738 (2011). Defendant has not presented any basis for overcoming the presumption that the jury followed these instructions. Consequently, the trial court did not abuse its discretion by denying defendant's motion for a new trial on the basis of juror misconduct.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

We also reject defendant's argument that defense counsel was ineffective for failing to move for a mistrial on the basis of juror misconduct. Defendant has failed to demonstrate a reasonable probability that a motion for a mistrial would have been successful. A "mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant, and impairs his ability to get a fair trial." *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995) (citations omitted). During the hearing on defendant's motion for a new trial, the court expressed certainty that the note was from one juror, and specifically stated that it "was watching the whole thing[,]" "there wasn't any discussion[,]" and that appellate counsel was "dead wrong." Given the trial court's commentary and denial of defendant's motion for a new trial, it is highly unlikely that the court would have concluded that the alleged juror misconduct warranted a mistrial. Therefore, defense counsel's failure to move for a mistrial was not objectively unreasonable. Failure to advance a "meritless argument . . . does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Consequently, defendant's claim of ineffective assistance of counsel in this regard fails.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second claim, defendant presents two additional ineffective-assistance claims with which we also disagree. Defendant preserved these ineffective-assistance claims by moving for a new trial or an evidentiary hearing in the trial court. See *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). However, because the trial court did not hold an evidentiary hearing, our review is limited to "errors apparent on the record." *Id.*; *Solloway*, 316 Mich App at 187.

### A. FAILURE TO CHALLENGE VENUE

Defendant argues that defense counsel was ineffective for failing to challenge venue in the trial court because no overt act occurred in Monroe County. Defendant has failed to demonstrate a reasonable probability that had defense counsel challenged venue being in Monroe County, it would have been successful. We review de novo the existence of venue in a criminal prosecution. *People v McBurrows*, 504 Mich 308, 312; 934 NW2d 748 (2019). "Venue is a part of every criminal prosecution and must be proved by the prosecutor beyond a reasonable doubt. *People v Webbs*, 263 Mich App 531, 533; 689 NW2d 163 (2004). In a conspiracy case, "venue is proper in any county in which an overt act was committed in furtherance of the conspiracy." *People v Meredith (On Remand)*, 209 Mich App 403, 408; 531 NW2d 749 (1995). "In order to establish proper venue, it is not necessary that the [overt] act constitute an essential element of an offense." *Id*. at 409. An overt act is "any act, no matter how insignificant[.]" *Id*. (citation and quotation marks omitted). In *Meredith*, this Court held that an act as insignificant as driving through Oakland County on a journey from Saginaw to Detroit was an overt act in furtherance and perpetration of a conspiracy to deliver cocaine. *Id*.

In this case, the evidence is clear that there was an overt act in furtherance of the conspiracy committed in Monroe County. As previously noted, the prosecution presented evidence that a package addressed to coconspirator Ricardo, containing approximately 1,500 grams of cocaine, was intercepted by the law enforcement, and, subsequently, defendant communicated with Ricardo by phone to arrange for the delivery of the cocaine to defendant's Monroe County residence. Also, defendant's cell phone records indicated that he was in Monroe County while calling Ricardo. Defendant's act of arranging for the delivery of cocaine to Monroe County was an overt act in furtherance of the conspiracy to deliver cocaine. There also was evidence of defendant's additional acts of using his cell phone in Monroe County to communicate on several occasions with a drug dealer in Arizona to arrange the purchase and delivery of cocaine, and defendant provided the person with various Monroe County addresses. Therefore, venue in Monroe County was proper.

Because venue in Monroe County was not improper, defense counsel's failure to challenge it was not objectively unreasonable. In addition, defense counsel would have been aware that defendant's first attorney was unsuccessful in challenging venue in the district court. Thus, defense counsel could have reasonably concluded that an additional challenge to venue would have been pointless. As previously observed, failure to advance a futile argument does not constitute ineffective assistance of counsel. See *Ericksen*, 288 Mich App at 201. Furthermore, the record does not support any contention that a reasonable probability exists that, but for counsel's failure to challenge venue, the outcome of the proceedings would have been different. See *Nix*, 301 Mich App at 207. The trial court denied defendant's motion for a new trial on this basis, concluding that

venue in Monroe County was proper. Therefore, defendant has not established a claim of ineffective assistance of counsel.

## B. FAILURE TO OBJECT TO THE ADMISSION OF RICARDO'S STATEMENTS

Defendant further argues that defense counsel was ineffective for failing to object to the admission of Ricardo's statements to protect his right of confrontation. As was the case when defendant sought a motion for a new trial or evidentiary hearing on this basis in the trial court, defendant does not identify what statements defense counsel should have challenged as violating his right of confrontation. This deficiency could be deemed dispositive of the instant issue. As previously referenced, defendant has the burden of establishing the factual predicate for an ineffective-assistance-of-counsel claim. *Douglas*, 496 Mich at 592.

However, like the trial court, we assume that defendant is referring to statements Ricardo made to defendant during the recorded phone calls as Ricardo was driving to defendant's home for the attempted controlled delivery. As discussed during trial, in one call, Ricardo stated that he was "about to pull up right now." In another call, Ricardo stated the he was "trying to get that loot from you." Although the trial court found that Ricardo's recorded statements constituted admissible hearsay because he was a coconspirator, being admissible as nonhearsay was not dispositive of defendant's claim that defense counsel was ineffective for failing to object to protect his right of confrontation. See *People v Washington*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165296); slip op at 14-15.

The United States and the Michigan Constitutions guarantee a criminal defendant the right "to be confronted with the witnesses against him." *People v Nunley*, 491 Mich 686, 697; 821 NW2d 642 (2012), citing US Const, Am VI; Const 1963, art 1, § 20. The Confrontation Clause prohibits the admission of out-of-court statements that are testimonial in nature unless the declarant is unavailable at trial and the defendant had a prior opportunity to cross-examine the declarant. *People v Chambers*, 277 Mich App 1, 10; 742 NW2d 610 (2007). "A pretrial statement is testimonial if the declarant should reasonably have expected the statement to be used in a prosecutorial manner and if the statement was made under circumstances that would cause an objective witness reasonably to believe that the statement would be available for use at a later trial." *People v Dendel (On Second Remand)*, 289 Mich App 445, 453; 797 NW2d 645 (2010), citing *Crawford v Washington*, 541 US 36, 51-52; 124 S Ct 1354; 158 L Ed 2d 177 (2004). "[T]he Confrontation Clause does not bar the use of out-of-court testimonial statements for purposes other than establishing the truth of the matter asserted." *Chambers*, 277 Mich App at 10-11.

In this case, it is undisputed that Ricardo, who died before defendant's trial, was unavailable and defendant had no prior opportunity to cross-examine him. In addition, Ricardo's statements about arriving at defendant's home and wanting to obtain money from defendant were offered as substantive evidence of its truth, i.e., to prove that defendant was expecting Ricardo to deliver the cocaine to him, and, in turn, Ricardo was expecting payment. Thus, the statements constituted statements of an absent declarant such that defense counsel could have made a successful argument that defendant's confrontation rights were violated.

However, defendant is not entitled to a new trial on this basis because he has not demonstrated that defense counsel's apparent decision to not object to Ricardo's statements was

-5-

objectively unreasonable. Decisions regarding what evidence to present are matters of trial strategy, *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999), and counsel has wide discretion in matters of trial strategy. *Heft*, 299 Mich App at 83. This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight. *People v Rice (On Remand)*, 235 Mich App 429, 445; 597 NW2d 843 (1999). While deference is given to counsel's strategic decisions, "a court cannot insulate the review of counsel's performance by calling it trial strategy; counsel's strategy must be sound, and the decisions as to it objectively reasonable." *People v Ackley*, 497 Mich 381, 388-389; 870 NW2d 858 (2015) (quotation marks and citations omitted).

In this case, the defense theory was that defendant did nothing wrong, had not conspired with Ricardo or anyone for the delivery of cocaine, and never received any cocaine from Ricardo. Throughout trial, defense counsel used Ricardo's statements to buttress this theory, particularly by illustrating that there was no evidence that defendant communicated with Ricardo regarding the delivery of drugs during the attempted controlled delivery. At the outset of opening statements, defense counsel stated:

> [I]f the prosecutor does not give you a complete picture, then it's incumbent upon me to come in and fill in some of the blanks I think the prosecutor, you know, left out. And those blanks are very, very clear, all right.
>
> *The first thing* I think *that prosecutor left out* is that *when you . . . listen to telephone calls*, so on and so forth, *you're not going to hear any mention of drugs including cocaine*. You're not going to hear that at all, at all, and one of the elements, the first and most important element of conspiracy is knowingly, knowingly . . . . You have to know that they're talking about some type of illegal transaction. [Emphasis added.]

Defense counsel later stated, relying on the recorded phone calls, that the evidence would show that defendant "owed Ricardo money and was suspected to pay him his money." Defense counsel then asserted that after Ricardo died, law enforcement had to "find somebody" to charge. In concluding his opening statement, defense counsel urged the jury to "really, really listen" to the recorded calls because "loot" was the only matter discussed. He further requested that "if you don't hear it, raise your hand and ask them to play it again and again so you can really, really hear what was said." Defense counsel later elicited testimony from a trooper during cross-examination that there was no mention of drugs during the conversations, and that the term "loot" referred to "[j]ust money" and "nothing about drugs." During closing argument, defense counsel again referred to Ricardo's statements to emphasize that there was no mention of drugs during his conversations with defendant and argued that the prosecution's case was based on speculation.

For these reasons, defense counsel's decision to not object to the admission of Ricardo's statements, but use them to illustrate that defendant and Ricardo never conversed about cocaine, particularly since Ricardo never delivered the drugs to defendant, was objectively sound and reasonable. "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004). In addition, defendant only cursorily states that there was no legitimate trial strategy for allowing the (unidentified) statements, and does not contend that a reasonable probability exists that, but for

-6-

counsel's failure to challenge the admission of Ricardo's statements, the outcome of the proceedings would have been different.[1] Thus, he also has not established that he was prejudiced by defense counsel's inaction in this regard. See *Nix*, 301 Mich App at 207. Therefore, defendant has not established a claim of ineffective assistance of counsel on this basis.[2]

## IV. ENTRAPMENT DEFENSE

Next, defendant argues the trial court erred by rejecting his argument that entrapment should be a question for the jury to resolve, as opposed to a legal question for the trial court to decide. However, as defendant acknowledges, in Michigan, it is well established that entrapment is a question of law for the trial court to decide. See *People v D'Angelo*, 401 Mich 167, 176-177; 257 NW2d 655 (1977). Although defendant argues that this issue should be revisited by our Supreme Court, this Court is bound to follow decisions of our Supreme Court that have not been overruled or superseded. See *People v Mitchell*, 428 Mich 364, 369-370; 408 NW2d 798 (1987). Consequently, while defendant seeks to preserve his argument that entrapment should be a question for the jury, he is not entitled to appellate relief on this basis.

## V. DENIAL OF A *FRANKS*[3] HEARING

Defendant also argues that the trial court abused its discretion by denying defendant's request for a *Franks* hearing because the affiant made statements that were deliberate falsehoods or with reckless disregard for the truth to procure the warrant to search his phone. We disagree.

We review a trial court's decision whether to conduct an evidentiary hearing for an abuse of discretion. *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (quotation marks and citation omitted). There is a presumption of validity with respect to the affidavit supporting a search warrant. *Id.* at 103. In limited instances, a trial court is required to hold an evidentiary hearing to review the magistrate's finding of probable cause and the warrant affidavit on which it is based. *Franks v Delaware*, 438 US 154, 171-172; 98 S Ct 2674; 57 L Ed 2d 667 (1978). In *Franks*, the United States Supreme Court delineated the standard for holding an evidentiary hearing:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to

---

[1] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ackley*, 497 Mich at 389 (quotation marks and citation omitted).

[2] Within this issue, defendant requests an evidentiary hearing. Because defendant failed to provide an offer of proof showing that there are additional facts requiring development of a record to determine his ineffective-assistance claims, we decline to remand the matter for an evidentiary hearing. See MCR 7.211(C)(1)(a)(ii).

[3] *Franks v Delaware*, 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. [*Id.* at 171-172.]

"The defendant has the burden of showing, by a preponderance of the evidence, that the affiant knowingly and intentionally, or with a reckless disregard for the truth, inserted false material into the affidavit and that the false material was necessary to the finding of probable cause." *People v Ulman*, 244 Mich App 500, 510; 625 NW2d 429 (2001).

In this case, defendant failed to make a substantial preliminary showing that the affiant intentionally, or with reckless disregard for the truth, made a false statement or material omission in his affidavit in support of the search warrant. As he did in the trial court, defendant fails to provide the search warrant affidavit or the warrant, does not support his claim that any statements in the affidavit were deliberately falsified, and has not submitted any affidavits or statements indicating that the investigator knew that any information he was providing in the affidavit was false. Nor has defendant shown that even if the purportedly incorrect statements were excluded from the affidavit, there would have been no probable cause for issuance of the search warrant. Simply put, defendant has not overcome the presumption of validity with respect to the affidavit supporting the search warrant. Therefore, the trial court did not abuse its discretion by denying defendant's request for a *Franks* hearing, and remand for a *Franks* hearing is not warranted.

## VI. JURY INSTRUCTIONS

Defendant also claims that the trial court erred by failing to give a specific unanimity instruction because the prosecutor offered at least two distinct acts on which the jury would have to agree to support the conspiracy charge. We disagree.

## A. WAIVER

Defendant has waived appellate review of his substantive claim of instructional error. After the trial court met with the attorneys in chambers to discuss the final instructions, the court asked the parties whether there was an agreement on all of the instructions other than defense counsel's objection to including M Crim JI 4.1. Defense counsel stated, "Yes, Your Honor." Defendant acknowledges that "counsel did not object or request a special unanimity instruction." By expressly approving the jury instructions, defendant waived appellate review of his substantive claim of instructional error. See *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011). Defendant's waiver extinguished any error, leaving no error to review. See *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000).

## B. DEFENSE COUNSEL'S PERFORMANCE

Within this issue, defendant also argues that defense counsel was ineffective for failing to request a specific unanimity instruction. Because defendant failed to raise this ineffective-assistance claim in the trial court in a motion for a new trial or request for an evidentiary hearing, review of this claim is limited to mistakes apparent on the record. *Heft*, 299 Mich App at 80.

Counsel's "failure to request a jury instruction may constitute an unreasonably deficient level of performance." *People v Yeager*, 511 Mich 478, 490; 999 NW2d 490 (2023). Criminal defendants are entitled to a unanimous jury verdict. MCR 6.410(B); *People v Chelmicki*, 305 Mich App 58, 67; 850 NW2d 612 (2014). Thus, the trial court must properly instruct the jury regarding the unanimity requirement. *Id*. at 67-68. A general instruction on unanimity is usually adequate, but "a specific unanimity instruction may be required in cases in which more than one act is presented as evidence of the actus reus of a single criminal offense and each act is established through materially distinguishable evidence that would lead to juror confusion." *Id*. at 68 (quotation marks and citation omitted). In contrast, if the prosecution presents "evidence of a series of materially indistinguishable acts, each of which would factually satisfy the actus reus element of the alleged criminal offense," a specific unanimity instruction is not required. *People v Cooks*, 446 Mich 503, 517; 521 NW2d 275 (1994).

In this case, defense counsel was not ineffective for failing to request a specific unanimity instruction. "A criminal conspiracy is a partnership in criminal purposes, under which two or more individuals voluntarily agree to effectuate the commission of a criminal offense." *People v Jackson*, 292 Mich App 583, 588; 808 NW2d 541 (2011). Conspiracy is a specific intent crime, requiring "both the intent to combine with others and the intent to accomplish the illegal objective." *People v Mass*, 464 Mich 615, 629; 628 NW2d 540 (2001). Proof of conspiracy may be derived from the circumstances, inferences, acts, and conduct of the parties. See *Jackson*, 292 Mich App at 588. In this case, there was no risk of juror confusion. This case does not involve multiple acts presented as evidence of the *actus reus* of a single offense with each act established through materially distinguishable evidence. Rather, the prosecution's theory of the case was not that complicated: Ricardo, defendant's coconspirator, received a package containing drugs from Arizona, which defendant and Ricardo then planned for Ricardo to deliver to defendant at his residence in furtherance of their conspiracy to possess with the intent to deliver cocaine. As plaintiff aptly observes, even if there were multiple actors that defendant engaged with throughout the conspiracy, a specific unanimity instruction was not required. Under these circumstances, defendant has not demonstrated that a specific unanimity instruction was required, and, therefore, it was not objectively unreasonable for defense counsel to not request it. Defense counsel was not ineffective for failing to make a futile request. See *Ericksen*, 288 Mich App at 201. Therefore, defendant has not established an ineffective-assistance claim. See *Nix*, 301 Mich App at 207.

## VII. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, none of which have merit.

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

Because defendant failed to raise these ineffective-assistance claims in the trial court in a motion for a new trial or request for an evidentiary hearing, our review is limited to mistakes apparent on the record. *Heft*, 299 Mich App at 80.

### 1. FAILURE TO PROVIDE SUPPORTIVE DOCUMENTATION FOR A *FRANKS* HEARING

Defendant argues that defense counsel was ineffective for failing to support defendant's motion for a *Franks* hearing with the necessary documentation for the motion to succeed. "The defendant has the burden of showing, by a preponderance of the evidence, that the affiant knowingly and intentionally, or with a reckless disregard for the truth, inserted false material into the affidavit and that the false material was necessary to the finding of probable cause." *Ulman,* 244 Mich App at 510. As explained in Section V, the trial court denied defendant's motion because there were no allegations of deliberate falsehood or reckless disregard for the truth. While defendant argues that defense counsel was ineffective for failing to provide supporting documentation, defendant has likewise failed to make an offer of proof on appeal to show that the affiant intentionally, or with reckless disregard for the truth, made a false statement or material omission in his affidavit in support of the search warrant. Accordingly, defendant has failed to carry his burden of establishing the factual predicate for this ineffective-assistance-of-counsel claim. See *Douglas*, 496 Mich at 592.

### 2. FAILURE TO MOVE TO QUASH THE BINDOVER

Defendant also argues that defense counsel was ineffective for failing to move to quash the bindover in the trial court because, according to defendant, insufficient evidence was presented at the preliminary examination. "A defendant must be bound over for trial if evidence is presented at the preliminary examination that a crime has been committed and there is probable cause to believe that the defendant was the perpetrator." *People v Tower*, 215 Mich App 318, 319-320; 544 NW2d 752 (1996). "Probable cause is established if the evidence would persuade a careful and reasonable person to believe in the defendant's guilt." *People v Fairey*, 325 Mich App 645, 649; 928 NW2d 705 (2018). The decision whether to file a pretrial motion is a matter of trial strategy. *People v Traylor*, 245 Mich App 460, 463; 628 NW2d 120 (2001).

Defendant has failed to demonstrate a reasonable probability that a motion to quash would have been successful. After hearing the witness testimony and the parties' arguments at the preliminary examination, the district court found that the prosecution met its burden of proving probable cause and bound defendant over for trial. In brief, witnesses testified that a package containing cocaine that was addressed to Ricardo was intercepted by a postal inspector, and, after being taken into custody, Ricardo received several phone calls from defendant, which led the police to setting up a controlled delivery to defendant's residence. Under the guise of the controlled delivery, Ricardo drove to defendant's residence with a package, and defendant and Ricardo talked on the phone regarding their meeting up. Defendant arrived at his house while Ricardo was waiting for him, but the delivery was not completed. The district court did not abuse its discretion by finding that this evidence was sufficient to support a bindover for the charge of conspiracy. Because sufficient evidence was presented to support the bindover, defense counsel's

failure to move to quash was not objectively unreasonable. Consequently, defendant's claim of ineffective assistance of counsel on this basis must fail.

### 3. FAILURE TO MOVE FOR A MISTRIAL

Defendant argues that defense counsel was ineffective for failing to move for a mistrial after the prosecutor elicited evidence that Ricardo died, which led the jury to inquire if his death was related to his cooperation with authorities and shows that this information "tainted the minds of the jurors[.]" We analyzed defense counsel's failure to move for a mistrial on the basis of this same underlying claim in the context of juror misconduct in Section II(B). This argument is a rehashing of defendant's earlier argument, but presented as a claim of ineffective assistance for failure to object to the prosecutor's conduct. As previously explained, defendant has failed to demonstrate a reasonable probability that a motion for a mistrial would have been successful. Again, the trial court instructed the jury to not discuss the case before formal deliberations, and that Ricardo's death "had nothing to do with this case[.]" Defendant has not presented any basis for overcoming the presumption that the jury followed these instructions. See *Breidenbach*, 489 Mich at 13. Therefore, defense counsel's failure to move for a mistrial was not objectively unreasonable. Consequently, defendant's claim of ineffective assistance of counsel on this basis must fail.

### 4. REMAINING INEFFECTIVE-ASSISTANCE CLAIMS

Defendant also cursorily argues that defense counsel was ineffective for failing to file a motion to suppress the evidence that Ricardo died before defendant's trial and that an Arizona drug dealer with whom defendant had communicated pleaded guilty to a drug trafficking charge, and for failing to object to the prosecutor eliciting the evidence concerning his conviction. However, defendant lists his theories, but provides no meaningful argument or citation to applicable and supporting legal authority. Rather, defendant fleetingly mentions the inadmissibility of statements admitted in violation of *Miranda*[4] rights and inadmissible other-acts evidence. Criminal defendants appearing *in propria persona* are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v Kerner*, 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972); see also *People v Herrera*, 204 Mich App 333, 339; 514 NW2d 543 (1994). But this less-stringent standard does not eliminate the requirement that a defendant provide legal support for his claims and an understandable argument. See *Estelle v Gamble*, 429 US 97, 106-108; 97 S Ct 285; 50 L Ed 2d 251 (1976). Again, defendant "may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *Kelly*, 231 Mich App at 640-641. Consequently, these claims have been abandoned for defendant's failure to make a meaningful argument with applicable and supportive authority. See MCR 7.212(C)(7); *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

---

[4] *Miranda v Arizona*, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

## B. PROSECUTOR'S CONDUCT

"In order to preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Because defendant did not raise the challenged conduct in the trial court, his claims of prosecutorial misconduct are unpreserved. Unpreserved claims of prosecutorial misconduct are reviewed for plain error affecting defendant's substantial rights. *Roscoe*, 303 Mich App at 648.

### 1. PROSECUTION'S CHARGING DISCRETION

Defendant argues that the prosecutor abused her discretion by bringing the charge of conspiracy against defendant. "[T]he decision whether to bring a charge and what charge to bring lies in the discretion of the prosecutor." *People v Venticinque*, 459 Mich 90, 100; 586 NW2d 732 (1998). The prosecutor has broad discretion to bring any charge supported by the evidence. *People v Nichols*, 262 Mich App 408, 415; 686 NW2d 502 (2004). A prosecutor abuses his or her discretion only if "a choice is made for reasons that are 'unconstitutional, illegal, or ultra vires.' " *People v Barksdale*, 219 Mich App 484, 488; 556 NW2d 521 (1996) (citation omitted).

In this case, the prosecutor's decision to charge defendant with conspiracy to possess with intent to deliver 1,000 grams or more of cocaine is clearly supported by the evidence that defendant conspired with Ricardo for delivery of cocaine to defendant's residence. On the basis of his argument, defendant merely disagrees that the evidence and inferences drawn from it should have been believed by the district court and the jury. Indeed, defendant does not offer any information suggesting that the charge was levied against him for an unconstitutional, illegal, or other improper reason. Accordingly, we reject this claim of error.

### 2. ELICITATION OF INADMISSIBLE EVIDENCE

We also reject defendant's claim that the prosecutor improperly elicited the evidence that Ricardo died before defendant's trial. Defendant argues that this testimony was "likely fatally prejudicial" as indicated by the juror's question regarding if his death was related to this case. However, defendant has failed to explain why the status of defendant's coconspirator, who was unavailable to testify, would have been inadmissible evidence. Moreover, even if the question was improper, defendant has failed to establish that it affected his substantial rights. As defendant recognizes, the trial court instructed the jury that Ricardo's death "had nothing to do with this case[.]" The trial court's instructions were sufficient to dispel any possible prejudice and to protect defendant's substantial rights, *People v Long*, 246 Mich App 582, 588; 633 NW2d 843 (2001), and defendant has not presented any basis for overcoming the presumption that the jury followed this instruction, *Breidenbach*, 489 Mich at 13.

### 3. REMAINING PROSECUTORIAL MISCONDUCT CLAIMS

Although defendant states additional issues challenging the prosecutor's conduct, he provides no meaningful argument or citation to applicable and supporting legal authority. As previously indicated, defendant "may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with

-12-

little or no citation of supporting authority." *Kelly*, 231 Mich App at 640-641. Consequently, these remaining claims have been deemed abandoned because of defendant's failure to make a meaningful argument with applicable and supportive authority. See MCR 7.212(C)(7); *Payne*, 285 Mich App at 188.

## C. SUFFICIENCY OF THE EVIDENCE

In his last claim, defendant argues that the prosecution failed to present sufficient evidence to sustain his conviction of conspiracy to possess with intent to deliver 1,000 grams or more of cocaine. We disagree.

We review de novo a challenge to the sufficiency of the evidence. *People v Speed*, 331 Mich App 328, 331; 952 NW2d 550 (2020). When ascertaining whether sufficient evidence was presented at trial to support a conviction, we must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Under MCL 333.7401(2)(a)(*i*), it is unlawful for a person to possess with intent to deliver 1,000 grams or more of cocaine. MCL 750.157a provides that a "person who conspires together with 1 or more persons to commit an offense prohibited by law . . . is guilty of the crime of conspiracy[.]" As previously referenced, a "criminal conspiracy is a partnership in criminal purposes, under which two or more individuals voluntarily agree to effectuate the commission of a criminal offense." *Jackson*, 292 Mich App at 588. Conspiracy is a specific intent crime, requiring "both the intent to combine with others and the intent to accomplish an illegal objective." *Mass*, 464 Mich at 629. To prove the intent to combine with others, it must be shown that the intent, including knowledge, was possessed by more than one person. *People v Blume*, 443 Mich 476, 482, 485; 505 NW2d 843 (1993). For intent to exist, the defendant must know of the conspiracy, know of the objective of the conspiracy, and intend to participate cooperatively to further that objective. *Id.* (citation omitted). "Direct proof of a conspiracy is not required; rather, proof may be derived from the circumstances, acts, and conduct of the parties." *Jackson*, 292 Mich App at 588 (quotation marks and citation omitted).

Viewed in a light most favorable to the prosecution, the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that defendant conspired with others to possess with intent to deliver 1,000 grams or more of cocaine. Defendant's cellular phone records placed defendant's phone in Phoenix, Arizona, on October 7, 2020, October 8, 2020, October 21, 2020, and October 22, 2020. On October 22, 2020, defendant's phone connected with coconspirator Ricardo's phone. Subsequently, on October 27, 2020, a package containing more than 1,500 grams of cocaine arrived in Michigan from Arizona, addressed to coconspirator Ricardo, and was intercepted by a postal inspector. After a controlled delivery to Ricardo's residence, Ricardo was taken into custody. While Ricardo was in custody, defendant called his phone numerous times. Ricardo, who agreed to cooperate with the police, gave information that caused the police to attempt a controlled delivery to defendant on October 28, 2020. Under the guise of delivering the drugs to defendant, Ricardo drove to defendant's residence with a package,

and defendant and Ricardo talked on the phone regarding their meeting up. During their exchanges, Ricardo told defendant that he was "trying to get a little loot from [him,]" and defendant responded, "I got you." Defendant arrived at his house while Ricardo was waiting for him, but the delivery was not completed as both men drove from the area. Defendant activated a new phone on October 29, 2020. A jury could have reasonably inferred from this evidence that defendant agreed with Ricardo that Ricardo would deliver the cocaine to him, and that, although the delivery was not completed, defendant was indeed expecting delivery from Ricardo on October 28, 2020. Consequently, considering the conduct of the parties and their communication, a jury could have rationally inferred that defendant conspired with Ricardo to possess with intent to deliver the cocaine.

Defendant essentially argues that the evidence was insufficient to establish a conspiracy because the only implications that could be drawn from the evidence were that Ricardo did not open the package so he was unaware of its contents, and that defendant and Ricardo were not partners for any cocaine delivery. However, defendant's challenges, including what inferences could be drawn from the evidence, are related to the weight and credibility of the evidence, which were issues for the jury to resolve. *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). The jury was free to accept or reject the theory of either party in light of the evidence presented at trial, and this Court will not interfere with the jury's role of determining issues of weight and credibility. *People v Baskerville*, 333 Mich App 276, 283; 963 NW2d 620 (2020). Further, defendant's reliance on his view of what inferences should be drawn from the evidence disregards that this Court is required to resolve all conflicts in the evidence in favor of the prosecution, *id*., that this deferential standard of review is the same whether the evidence is direct or circumstantial, *Nowack*, 462 Mich at 400, and that it is well established that "[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime," *id*. (citation omitted). Applying these standards, there was sufficient evidence to enable the jury to find the requisite elements beyond a reasonable doubt, and this Court will not disturb the jury's verdict.

Affirmed.


/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro

-14-